**David M. MARDEN, Plaintiff,**

v.

**TOWN OF BEDFORD, NEW YORK, Defendant.**

**No. 96 CIV. 9290(BDP).**

United States District Court, S.D. New York.

Jan. 8, 1998.

---

Jeffrey Chamberlain, Chamberlain & Kaufman, Albany, NY, for Plaintiff.

Lance H. Klein, Keane & Beane, P.C., White Plains, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff David Marden filed this action against the defendant, the Town of Bedford, New York (the "Town"), to recover unpaid overtime compensation under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 201 *et seq.* Marden is the former Chief of Police for the Town. During his tenure as Chief of Police, Marden was treated as exempt from the overtime provisions of the FLSA and therefore was not paid overtime compensation. Marden contends that he was not "exempt" and is entitled to overtime compensation.

The plaintiff has moved for partial summary judgment, pursuant to Fed.R.Civ.P. 56, on the issue of whether he was a "nonex-

empt" employee entitled to overtime compensation when he worked in excess of 40 hours per week.[1] Defendant has cross-moved for summary judgment, asserting that Marden, in his role as Chief of Police, was an "exempt" employee under the FLSA. For the reasons that follow, plaintiff's motion for partial summary judgment is denied and defendant's motion for summary judgment is granted.

### BACKGROUND

The facts relevant to this motion are largely undisputed. During his tenure as Chief of Police, Marden was paid no overtime compensation, although he often worked more than forty hours per week.

In April 1996, disciplinary charges were filed against Marden for, among other things, refusing to comply with requests of the Town Supervisor for information about an investigation related to a vehicular traffic stop in February 1996. The disciplinary charges informed Marden that, "If you are found guilty of any of the above charges and specifications the penalty or punishment imposed include, but are not limited to dismissal, a suspension without pay, or reprimand." During the pendency of the disciplinary proceeding, Marden was suspended with pay.

The disciplinary hearing, held in July 1996, was conducted before the Town Board and pursuant to the Westchester County Police Act ("WCPA"), which applies to Bedford, New York. The WCPA provides in part that:

> Any member of [the police department] found guilty...of neglect or dereliction in the performance of official duty, or violation of rules or regulations or disobedience, or incompetency to perform official duty, or an act of delinquency seriously affecting his general character or fitness for office, may be punished...by reprimand, forfeiture and the withholding of salary or compensation...by suspension from duty...and the withholding of salary or compensation during such suspension, or by dismissal from the department.

---

1. Due to the nature of this case, the parties have agreed to address the issues of liability and damages separately. This motion concerns only the issue of liability.

By a Report of Findings dated October 15, 1996, the Town Board found Marden guilty of certain of the charges and invited further submissions on the issue of the appropriate penalty. A legal memorandum submitted on behalf of the Town Supervisor, who was the complainant, noted that the WCPA allowed "any member of a police department found guilty of charges [to] be punished... by reprimand, by forfeiture in the withholding of salary or compensation... by suspension... in addition to the withholding of salary or compensation during such suspension, or by dismissal from the department." After considering "the penalties permitted by law," the Town Board determined that the appropriate sanction was dismissal. On November 4, 1996, Marden's employment with the Town was terminated. This action followed.[2]

## DISCUSSION

A motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hayes v. New York City Dep't. of Corrections,* 84 F.3d 614, 619 (2d Cir.1996); *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). The court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos,* 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)); *Hayes,* 84 F.3d at 619. In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities in the light most favorable to, and draw all reasonable inferences in favor of, the party opposing the motion. *Wernick v. Federal Reserve Bank of New York,* 91 F.3d 379, 382 (2d Cir.1996); *In re State Police Litigation,* 88 F.3d 111, 123 (2d Cir.1996). A finding of disputed material facts that could reasonably be resolved in favor of either party precludes summary judgment. *Wernick,* 91 F.3d at 382 (quoting *Anderson v. Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. at 2510). In this case, the facts relevant to whether Marden, in his role as Chief of Police, was exempt from the overtime provisions of the FLSA are substantially undisputed. Thus, the determination can readily be made as a matter of law.

■ Section 213(a)(1) of the FLSA exempts "bona fide executive, administrative, or professional" employees from the Act's overtime pay provisions. 29 U.S.C. § 213(a)(1). One requirement for exempt status under § 213(a)(1) is that an employee earn a specified minimum amount on a "salary basis." [3] 29 C.F.R. § 541 (1996). An employee is paid on a salary basis if he "regularly receives each pay period... a predetermined amount... which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a) (1996).

The application of the salary basis standard was recently clarified by the Supreme Court in *Auer v. Robbins,* —— U.S. ——, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), where the Court upheld the Secretary of Labor's formulation of the salary basis test. More recently, the Second Circuit, in light of the Supreme Court's decision in *Auer,* applied the salary basis test in the case of *Ahern v. The County of Nassau.* 118 F.3d 118 (2d Cir.1997).

Under the Secretary of Labor's formulation of the salary basis test, employees subject, as a practical matter, to reductions in pay through disciplinary suspensions, without pay, are not "exempt" under § 213(a)(1).[4] *Auer,* —— U.S. at ——, 117 S.Ct. at 911.

---

**2.** Marden also initiated an Article 78 proceeding in New York State Supreme Court.

**3.** Another requirement for exempt status under § 213(a)(1) is the "duties test." Plaintiff and defendant have stipulated that Marden's position as Chief of Police satisfies the duties test. Thus,

the only issue on this motion is whether the salary basis test is also satisfied.

**4.** The regulation does create an exception to this disciplinary deduction rule for "[p]enalties imposed.... for infractions of safety rules of major significance." 29 C.F.R. § 541.118(a)(5) (1996).

In order to be subject to disciplinary deductions as a practical matter, so that the § 213(a)(1) exemption does not apply, there must be "either an actual practice of making such deductions [for disciplinary infractions] or an employment policy that creates a significant likelihood of such deductions." *Auer*, 519 U.S. at ——, 117 S.Ct. at 911; *Ahern*, 118 F.3d at 121. In order to create a significant likelihood of disciplinary deductions, there must be a "clear and particularized policy-one which effectively communicates that deductions will be made in specified circumstances." *Ahern*, 118 F.3d at 121 (quoting *Auer*, 519 U.S. at ——, 117 S.Ct. at 911) (internal quotation marks omitted).

In Marden's case, there was no actual practice of making deductions from the salary of high ranking officers based on disciplinary infractions. Although plaintiff contends that disciplinary deductions have been made in the past, plaintiff has not established that such deductions were made in the case of high ranking police officers such as Marden.

The WCPA does provide that officers may be subject to a variety of disciplinary measures, including suspensions without pay. But *Ahern* teaches that such a general policy provision, which applies to all officers, is not sufficient to effectively communicate a significant likelihood, as required under the salary basis test, that officers of Marden's grade would be subject to deductions for specific offenses. *Ahern*, 118 F.3d at 122. That the pay docking provision applies to all police officers and that it is only one of many disciplinary measures means that it might not be applied to employees in plaintiff's class. *Auer*, 519 U.S. at ——, 117 S.Ct. at 911. Indeed, there is no evidence that the pay docking provision has ever been applied by the Town to a high ranking police officer.

Notwithstanding the absence of an actual practice of pay docking of high level police officers, and the generality of the WCPA provision, Marden argues that his disciplinary proceeding effectively communicated to him that he faced a genuine possibility of suspension without pay. The Town Board, in notifying him of the disciplinary charges, stated that suspension without pay was among the penalties that could be imposed. Moreover, the Town Supervisor submitted a legal memorandum to the Board that arguably contemplated the possibility of a suspension without pay. Thus, plaintiff contends, aside from past practice and the WCPA, he was clearly subject to deductions in pay through an unpaid disciplinary suspension because that penalty was one that the Town Board contemplated and could, in fact, impose.

This argument, however, conflates the two separate formulations of the salary basis test. Under the first formulation, employees are nonexempt if there is an actual practice of assessing pay deductions based on disciplinary infractions. "[O]ne incident of pay docking is insufficient to establish any such practice." *Ahern v. Nassau*, 118 F.3d at 121. It follows, then, that one instance in which an unpaid disciplinary suspension might have been considered certainly does not constitute an "actual practice" of making such deductions.[5]

The other formulation of the salary basis test requires that there be a policy that communicates to plaintiff that there is a "significant likelihood" of pay docking. *Auer*, 519 U.S. at ——, 117 S.Ct. at 911. The fact that pay docking may have been one of the penalties contemplated during Marden's disciplinary proceeding does not establish the existence of any such policy. Furthermore, the Board's statement, in its detailing of the charges, that suspension without pay was a possible penalty, and the Town Supervisor's memorandum to the same effect both essentially recited the language of the WCPA. In sum, there was neither an actual practice of pay docking for officers in Marden's grade, nor a particularized policy that effectively communicated a significant likelihood of pay docking for specified disciplinary infractions.

Thus, a policy subjecting employees to pay deductions as a result of violations of important safety rules would not cause the employees to be nonexempt.

5. Even if plaintiff had been suspended without pay, he would not necessarily have become "nonexempt" and retroactively entitled to overtime pay. *See Auer*, 519 U.S. at ——, 117 S.Ct. at 912.

504

## CONCLUSION

For the reasons stated, plaintiff's motion for partial summary judgment is denied and defendant's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment in favor of the defendant.

**SO ORDERED.**